OPINION. OppeR, Judge: The abnormality, if any, of each of the deductions in issue, for all that the record shows, was within the meaning of section 711 (b) (1) (K) (ii), “a consequence of a change at any time in the * * * size * * * of the business engaged in by the taxpayer.” (Emphasis added.) Petitioner’s brief “concedes that the acquisition of the Coleman business * * * was a change in the type, manner of operation, and size of the business previously engaged in by” petitioner. The same can not but be equally true of the acquisition of the Zouri assets. The conclusion must be that the deductions would not have existed but for such acquisition. They would, as in Pacific Gas & Electric Co., 7 T. C. 1142, 1148, “have been taken by [the subsidiary] * * * but not by the petitioner if the change just mentioned had not been made.” Accordingly, “the change led to the abnormality.” The deductions and any abnormal characteristic they may have had are thus the consequence of the “change,” no matter how long ago it may have taken place, since the statute is specific in its inclusion of the words “at any time.” The deductions must consequently stand as far as section 711 is concerned. But with respect to the loss from the long term contracts under N. I. K. A. and the deductions for depreciation, it now appears that both were erroneous at the time. This is a question to be deci ded altogether independently of section 711 (b) (1) (K) (ii). Pacific Gas & Electric Co., supra, 1146, 1147. The base period income may hence be adjusted for a proper reflection of the year of loss on the long term contracts, Byus-Mankin Lumber Co., 46 B. T. A. 698; Commissioner v. Thatcher & Son (C. C. A., 2d Cir.), 76 Fed. (2d) 900, which will result in excluding that loss from the base period; and for the depreciation which should properly have been deducted under the subsequently agreed principles as applied to the facts known during the base period years. Leonard Refineries, Inc., 11 T. C. 1000, 1011. Recomputation of the petitioner’s income taxes for the base period must be taken into account under section 734, Internal Revenue Code. Leonard Refineries, Inc., supra. Reviewed by the Court. Decision will be entered under Rule 50,